UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

| | |
|---|---|
| PHILIP GRANT,<br><br>                                    Plaintiff,<br><br>        -against-<br><br>CITY OF NEW YORK, DETECTIVE EVELIN GUTIERREZ, DETECTIVE NIURCA QUINONES SHIELD #3310, DETECTIVE MARIBEL ROMAN SHIELD #5530, AND LIEUTENANT COMMANDER PATRICK MONTAGANO,<br><br>                                    Defendants. | **DECLARATION OF MELANIE SPEIGHT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>15-CV-3635 (ILG) (ST) |

----------------------------------------------------------------------x

**MELANIE SPEIGHT** declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants City of New York, Detective Evelin Gutierrez, Lieutenant Patrick Montagano, Detective Niurca Quinones, and Detective Maribel Roman. As such, I am familiar with the facts set forth below.

2. This declaration is submitted in support of defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

3. Annexed hereto as Exhibit "A" is a copy of plaintiff's Amended Complaint, which was filed on May 27, 2016. In the Amended Complaint, plaintiff purports to state claims against defendants City of New York, Detective Evelin Gutierrez, Lieutenant Patrick Montagano, Detective Niurca Quinones, and Detective Maribel Roman, claiming that his arrest on September 3, 2013, for the attempted sexual assault of a Jane Doe victim, gives rise to federal

claims for false arrest, malicious prosecution, violation of the right to due process, and municipal liability.

4. Annexed hereto as Exhibit "B" is an excerpt of the transcript of plaintiff's deposition. In this portion, plaintiff acknowledges that, following his arrest, during the course of an interview with Detective Quinones, he signed a statement claiming that he "pass[ed] the white girl" while "running" on Evergreen.

5. Annexed hereto as Exhibit "C" is a portion the transcript of the deposition of former Kings County District Attorney's Office Assistant District Attorney Rebecca Zipkin. ADA Zipkin testified that she spoke to Detectives Roman and Quinones regarding plaintiff's arrest, as well as the complaining victim and the individual who reported the victim's attack to police. ADA Zipkin testified that she recorded the information on a Complaint Room Screening Sheet. She further testified that she drafted a criminal complaint against plaintiff.

6. Annexed hereto as Exhibit "D" is a portion of the transcript of Lt. Patrick Montagano. Lt. Montagano testified that the Office of the Chief Medical Examiner relays laboratory results to the police department as well as to the District Attorney's Office.

7. Annexed hereto as Exhibit "E" is a portion of the transcript of Detective Evelin Gutierrez. Det. Gutierrez testified she investigated Jane Doe's attack.

8. Annexed hereto as Exhibit "F" is a portion of the transcript of Detective Maribel Roman. Detective Roman testified that she investigated the attack on Jane Doe, and further testified that, during a canvass, Jane Doe saw plaintiff, became upset, and identified him to Detective Roman as her attacker.

9. Annexed hereto as Exhibit "G" is a portion of the transcript of Detective Niurca Quinones. Detective Quinones testified that she interviewed plaintiff following his arrest.

10. Annexed hereto as Exhibit "H" is a copy of the Kings County District Attorney's Office Complaint Room Screening Sheet created by ADA Zipkin in connection with plaintiff's arrest. The Screening Sheet reflects, among other factors, that ADA Zipkin spoke to Detectives Roman and Quinones regarding plaintiff's arrest, and that Detective Roman informed ADA Zipkin that, prior to being identified by Jane Doe in person, plaintiff's photograph was not identified by Jane Doe when she was shown a photo array.

11. Annexed hereto as Exhibit "I" is a copy of the Detective Gutierrez's DD5 dated August 27, 2013, wherein she records the initial details reported by Jane Doe regarding her attack.

12. Annexed hereto as Exhibit "J" is a copy of Detective Roman's DD5 dated August 28, 2013, (dated August 27, 2013, reflecting an activity date of August 28, 2013), documenting the collection of a backpack and clothing items from Jane Doe.

13. Annexed hereto as Exhibit "K" is a copy of Detective Gutierrez's DD5 dated September 4, 2013, wherein it is recorded that Detectives Gutierrez and Roman interviewed individuals during their canvas and were directed to a "Phil" at 11 Stanhope Street.

14. Annexed hereto as Exhibit "L" is a copy of the Detective Mather's DD5 dated September 4, 2013, wherein Jane Doe's failure to identify plaintiff in a photo array is memorialized.

15. Annexed hereto as Exhibit "M" is a copy of the Detective Gutierrez's Canvass DD5 dated September 4, 2013, wherein it is recorded that Jane Doe identified plaintiff as her attacker.

16. Annexed hereto as Exhibit "O" is a copy of plaintiff's Arrest Report. The arrest report reflects that Detective Roman was plaintiff's arresting officer, and that his arrested charges were based upon the representations of a complaining victim.

17. Annexed hereto as Exhibit "P" is a copy of the Detective Quinones's DD5 dated September 4, 2013, wherein Detective Quinones's memorialized her interview with plaintiff following plaintiff's arrest.

18. Annexed hereto as Exhibit "Q" is a copy of the Detective Roman's Interview DD5 dated September 4, 2013, reflecting her interview with plaintiff.

19. Annexed hereto as Exhibit "R" is a copy of plaintiff's signed statement dated September 3, 2013, created during his interview with Detective Quinones, in which he states that he "pass[ed] the white girl" while "running" on Evergreen.

20. Annexed hereto as Exhibit "S" is the criminal complaint charging plaintiff in this matter. The complaint, signed by ADA Zipkin, represents that ADA Zipkin was informed of the bases for the charges by the complaining victim.

21. Annexed hereto as Exhibit "T" is a copy of the Grand Jury indictment returned against plaintiff on or about September 9, 2013, reflecting indictment on the following counts: assault in the second and third degrees; attempted robbery in the second and third degrees, attempted sexual abuse in the first and third degrees, menacing in the third degree, harassment in the second degree, grand larceny in the fourth degree, and petit larceny.

22. Annexed hereto as Exhibit "U" is a decision dated January 14, 2014, by the Honorable Joseph E. Gubbay, finding that "the evidence adduced before the Grand Jury was legally sufficient to establish the offenses charged and that the defendant committed said offenses."

- 5 -

23. Annexed hereto as Exhibit "V" are results generated by the Office of the Chief Medical Examiner dated November 27, 2013 reflecting that plaintiff was excluded as the donor of male DNA detected on Jane Doe's personal effects.

24. Annexed hereto as Exhibit "W" is a copy of the transcript of plaintiff's criminal proceedings on July 25, 2014, during which the District Attorney's Office moved to dismiss the charges against plaintiff.

25. Annexed hereto as Exhibit "X" is a Certificate of Disposition reflecting that, on July 25, 2014, criminal charges against plaintiff were dismissed and sealed.

Dated: New York, New York
May 19, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City, Gutierrez, Montagano, Quinones, and Roman*
100 Church Street, 3rd Floor
New York, New York 10007

By: /s/_____
Melanie Speight
*Senior Counsel*

cc: VIA ECF
Nicole Bellina
*Plaintiff's Counsel*
Stoll, Glickman, & Bellina LLP
475 Atlantic Ave., Fl. 3
Brooklyn, NY 11217